(27 Misc. Rep. 256.)

### SNOW v. DAGGETT et al.

(Supreme Court, Special Term, Oswego County. April, 1899.)

MORTGAGES—TRUSTS—EQUITY OF REDEMPTION—PAROL CONSENT TO CONVEY.

The owner of the fee and his wife, having executed as a mortgage to secure his debt a deed absolute in form, the grantee reconveyed to the wife, who executed a mortgage to a bank for the specific purpose of paying the balance of the former mortgage, which had been assigned to the bank, the wife paying no consideration for the conveyance to her. Afterwards, with the parol consent of her husband, she executed another mortgage on the same land. *Held*, that she held the fee in trust for her husband only to the extent of the mortgage to the bank; and, since he could not orally empower her to mortgage his equity of redemption, the last mortgage was void.

Suit by Mary E. Snow against Frances L. Daggett and others to foreclose a mortgage. Decree for defendants.

The defendants Celia F. Soper and William Soper are in possession of the premises, and they, with the defendants Griffin and Hollenbeck, claim an interest in the premises under a conveyance executed by the defendant Henry J. Daggett, and defend on the ground that, at the time of the execution of the mortgage, Henry J. Daggett owned the fee, instead of his wife, Frances L. Daggett, the mortgagor, and, consequently, that the mortgage is not valid, and that it has been so adjudged in a former action, wherein all the parties to this action were either parties or privies.

Elisha B. Powell, for plaintiff.
J. J. Lamoree and J. A. Johnson, for defendants.

WRIGHT, J. On November 9, 1882, the defendant Henry J. Daggett owned the land in fee. On that date he and his wife, Frances L. Daggett, executed a mortgage for $12,500, which was in form a deed absolute, to Leonard Ames. On February 23, 1884, Leonard Ames, the mortgagee in said mortgage deed, and his wife executed a deed of the land to Frances L. Daggett, who thereupon executed to the Second National Bank a mortgage on said land for $10,000, for the specific purpose of paying the balance then unpaid on the former mortgage of $12,500, which Ames had assigned to that bank. Mrs. Daggett paid no consideration for her deed from Ames, and she knew the nature of Ames' title, as being a mortgage in the form of a deed absolute, made to secure Ames on certain notes of Mr. Daggett to the amount of said $12,500. On April 29, 1884, Frances L. Daggett, with the oral consent of Mr. Daggett, executed to the plaintiff the mortgage for $4,000, on which the action is brought, which was recorded August 18, 1884.

The plaintiff urges that Frances L. Daggett, who acted as trustee of the title of Henry J. Daggett to the extent of said $10,000 mortgage to the said savings bank, having executed this mortgage, with the oral consent and approval of her husband, Henry J. Daggett, had the power to, and did, execute a valid mortgage to the plaintiff. This contention might be forceful if Mrs. Daggett held the entire title in fee in trust for her husband; but she held in trust the title only to the extent of said $10,000 mortgage, and held it simply for the specific purpose of securing the payment of that mortgage. Henry J. Daggett owned the equity of redemption,

which she had no power over. Henry J. Daggett could not confer orally upon his wife a power to mortgage his equity of redemption. The case is very clear if it is borne in mind that the only source of Mrs. Daggett's title is Mr. Ames, as mortgagee. In case of the foreclosure of the $10,000 mortgage, and a surplus arising, Mrs. Daggett would not be entitled to take the surplus as trustee of Mr. Daggett; neither would Mrs. Snow, this plaintiff, be entitled to it to apply on her mortgage, but Henry J. Daggett, his creditors or assigns, would take it. On June 10, 1884, after Ames and wife had executed said deed to Mrs. Daggett, one Lewis M. Smith obtained and docketed a judgment against Henry J. Daggett for $1,092.93. Afterwards an action in the supreme court was brought by said Smith, as receiver of the property of said Henry J. Daggett, Frances L. Daggett, and this plaintiff, with others. The action was tried before Mr. Justice Boardman, and resulted in a decision, dated December 16, 1885, wherein the facts were found in conformity with those found herein, and judgment was duly entered thereon.

The testimony respecting the equities between Mr. Daggett and George E. Soper, as affecting the conveyance from Mr. and Mrs. Daggett to said Soper, are not material to the issue in this action.

It is held, therefore, that, at the time of the execution of the mortgage to the plaintiff herein, the mortgagor conveyed no interest in the property, and, consequently, that the mortgage is invalid. Judgment ordered dismissing the complaint, with costs.